# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOHN HAYNES,
    Petitioner,

vs.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
    Respondent.

Civil Action No. 1:10-cv-251

Spiegel, J.
Litkovitz, M.J.

**REPORT & RECOMMENDATION**

Petitioner, an inmate in state custody at the Warren Correctional Institution, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges his incarceration stemming from his October 16, 2002 aggravated robbery and robbery convictions on the following grounds: a due process violation based on the trial court's failure to suppress identification evidence; the ineffective assistance of trial counsel; a conviction based on insufficient evidence; and the ineffective assistance of counsel on appeal. (Doc. 1, pp. 5-11). This matter is before the Court on respondent's motion to dismiss, filed September 9, 2010 (Doc. 12), to which petitioner has not responded.

## I. PROCEDURAL HISTORY

### State Trial and Appellate Proceedings

On April 15, 2002, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with two counts of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1), with specifications, and two counts of robbery in violation of Ohio Rev. Code § 2911.02(A)(2). (Doc. 12, Ex. 1). Through counsel, petitioner entered a plea of not guilty on all counts on April 26, 2002. (Doc. 12, Ex. 2). Prior to trial, petitioner filed a motion to suppress identification testimony, contending that the pretrial identification procedures were unduly

suggestive. (Doc. 12, Ex. 3). The motion to suppress was denied. (Doc. 12, Ex. 28). On October 4, 2002, the jury found petitioner guilty of all counts of aggravated robbery and robbery, but found neither specification applied to the counts of aggravated robbery. (Doc. 12, Ex. 5). Petitioner was sentenced to two consecutive six-year terms of imprisonment based on the aggravated robbery convictions on October 16, 2002.[1] (Doc. 12, Ex. 6).

Petitioner timely appealed to the Ohio Court of Appeals, First Appellate District.[2] (Doc. 12, Ex. 7). With the assistance of new counsel, petitioner asserted six assignments of error challenging his conviction and sentence, including: (1) the failure of the trial court to grant petitioner's motion to suppress identification evidence; (2) the ineffective assistance of trial counsel; (3) improper jury instructions; (4) the guilty verdict was not supported by sufficient evidence; (5) the finding of guilt was contrary to law; and (6) imposition of a sentence contrary to law. (Doc. 12, Ex. 8). On February 20, 2004, the Court of Appeals overruled the assignments of error and affirmed the judgment of the trial court. (Doc. 12, Ex 12).

With the assistance of his appellate counsel, petitioner filed a timely appeal to the Ohio Supreme Court on March 19, 2004.[3] (Doc. 12, Ex. 13). On June 9, 2004, the Ohio Supreme

---

[1] The two counts of robbery were merged with the aggravated robbery counts for sentencing. (Doc. 12, Ex. 6).

[2] On August, 8 2003, the Ohio Court of Appeals entered an order, *sua sponte*, striking the petitioner's brief for failure to comply with a local rule to append the final order from which the appeal is taken. (Doc 12, Ex. 10). The Court of Appeals gave petitioner until August 18, 2003 to file an amended brief. *Id.* Petitioner filed an amended brief on August 12, 2003, containing the same assignments of error as the original brief. (Doc. 12, Ex. 11).

[3] Respondent has informed the Court that due to the age of the case petitioner's brief and the state's response were destroyed by the Supreme Court of Ohio. (Doc. 12, pp. 7-8). Respondent contends that in light of the disposition of the case by respondent's motion to dismiss it is unnecessary to delay consideration of the case pending receipt of the documents. *Id.* Respondent continues to attempt to recover the documents from the Hamilton County prosecutor's office and has reserved exhibits 14 and 15 in the event that the documents are received. *Id.*

Court declined jurisdiction to hear the case and dismissed petitioner's appeal as "not involving any substantial constitutional question." (Doc. 12, Ex. 16).

### State Post-Conviction Petition

On January 2, 2007, petitioner filed a *pro se* petition with the Hamilton County Court of Common Pleas to vacate or set aside sentence, alleging that the trial court erred by sentencing him according to facts neither found by the jury nor admitted by petitioner. (Doc. 12, Ex. 17). On motion of the State (Doc. 12, Ex. 18), the trial court entered an order declining to entertain petitioner's petition because it was not filed within the time limit required by Ohio Rev. Code § 2953.21(A) and petitioner had not met the conditions set out in Ohio Rev. Code § 2953.23(A) for consideration of a tardy petition to vacate. (Doc. 12, Ex. 19).

### Motion for Judicial Release

On March 16, 2007, petitioner filed a *pro se* motion for judicial release pursuant to Ohio Rev. Code § 2929.20 with the Hamilton County Court of Common Pleas. (Doc. 12, Ex. 20). On March 23, 2007, the court overruled the motion. (Doc. 12, Ex. 21).

### Application for Reopening

On May 4, 2008, petitioner filed a delayed application for reopening of his direct appeal pursuant to Ohio App. R. 26(B) with the Ohio Court of Appeals.[4] (Doc. 12, Ex. 22). Petitioner alleged ineffective assistance of appellate counsel based on his counsel's failure to challenge the imposition of prison terms for both aggravated robbery and robbery as "allied offenses of similar import" under Ohio Rev. Code § 2941.25. (Doc. 12, Ex. 22, pp. 5-6). With regard to the delayed

---

[4] An appellant must file an App.R. 26(B) application within 90 days of the date on which the state court of appeals journalized its judgment. (*See* Doc. 12, Ex. 24). In this case, the court of appeals jounalized its judgment on February 20, 2004. *Id.* Petitioner did not file his application until May 18, 2009. *Id.*

3

filing, petitioner claimed the delay was justified because (1) lack of access to trial transcripts precluded him from discerning the trial court's sentencing error, and (2) the Ohio Supreme Court had only clarified the allied-offense issue in *State v. Brown,* 119 Ohio St. 3d 447, 895 N.E. 2d 149 (2008), which was decided after the filing deadline. (Doc. 12, Ex. 22, pp. 3-4).

On September 23, 2009, the Ohio Court of Appeals denied the delayed application to reopen the appeal, finding that petitioner had failed to establish good cause for his delay. (Doc. 12, Ex. 24). The court provided two reasons for the denial. First, the court explained that the proposed sentencing error and claimed deficiency in appellate counsel's failure to raise the matter did not require a transcript to be identified. *Id.* Second, the court rejected as incongruous petitioner's argument that he was without clear authority for his allied-offense claim until the Ohio Supreme Court's decision in *Brown*, 119 Ohio St.3d 447. The court reasoned that if it were to accept the assertion that no clear authority existed for the allied-offense claim, then petitioner could not prevail upon a claim that his appellate counsel was ineffective in failing to present that challenge. (Doc. 12, Ex. 24, p. 2).

On October 21, 2009, petitioner appealed the Ohio Court of Appeals' denial of his delayed application to reopen his appeal to the Ohio Supreme Court. (Doc. 12, Ex. 25). On December 30, 2009, his appeal was dismissed "as not involving any substantial constitutional question." (Doc. 12, Ex. 27).

### Federal Habeas Corpus

On March 27, 2010, petitioner commenced the instant habeas corpus action.[5] (Doc. 1).

---

[5]The petition was stamped as "filed" with the Court on April 20, 2010. Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on March 27, 2010. (*See* Doc. 1, p. 15). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by

4

In the petition, petitioner alleges the following grounds for relief:

> **Ground One:** Denial of due process with court's failure to suppress identification evidence.
>
> **Supporting Facts:** Identification was unnecessarily suggestive.
>
> **Ground Two:** Ineffectiveness of trial counsel.
>
> **Supporting Facts:** Trial counsel never objected to Juvenile Bindover.
>
> **Ground Three:** Conviction obtained on insufficient evidence.
>
> **Supporting Facts:** Evidence at trial did not support convictions for Aggravated Robbery and Robbery which are Allied Offenses of Similar Import, thus denying Petitioner Equal Protection of the Law, in addition to insufficiency of evidence.
>
> **Ground Four:** Ineffective counsel on appeal.
>
> **Supporting Facts:** Had Counsel on Appeal assigned as error that Petitioner's charges are Allied Offenses of Import, Petitioner's outcome at sentencing would have been different.

(Doc. 1, pp. 5-11).

Respondent has filed a motion to dismiss the petition. (Doc. 12). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d). (Doc. 12, pp. 12-22).

## II. THE PETITION SHOULD BE DISMISSED WITH PREJUDICE BECAUSE IT IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

---

a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see, In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on March 27, 2010.

5

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) should be applied to petitioner's grounds for relief. Petitioner has not argued, nor is there evidence in the record to suggest, that the provisions set forth in §§ 2244(d)(1)(c) or 2244(d)(1)(D) apply to his claims. Therefore, the one-year statute of limitations began to run in this case either (1) when petitioner's conviction became final as set forth in § 2244(d)(1)(A) or (2) on the date on which an unconstitutional state-created impediment to filing, which prevented petitioner from filing, was removed as set forth in § 2244(d)(1)(B).

In the instant petition, petitioner alleges that he is not barred by §2244(d) one-year statute

6

of limitations, because he "has been repeatedly housed in facilities in which he was denied meaningful access to the Courts as will be proven throughout these proceedings." (Doc. 1, p. 13). To the extent that petitioner contends that an unconstitutional state-created impediment prevented him from filing his petition in a timely manner and, therefore, that the later limitations period set forth in § 2244(d)(1)(B) applies to his claims, the record is without any evidence to support his claim. He fails to identify any specific impediment within the Ohio prisons that hindered his ability to file a timely habeas corpus petition. He has neither alleged nor shown that he had limited or inadequate access to legal materials such that he was prevented from filing his habeas petition. Nor has petitioner shown that he suffered any actual injury from the alleged impediment. *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). *See also Finch v. Miller*, 491 F.3d 424, 426-27 (8th Cir. 2007) (holding that an inmate alleging access to court violations as an impediment to filing timely habeas petition must show actual injury); *Hendon v. LaMarque*, 107 F. App'x 769, 771 (9th Cir. 2004); *Pilgrim v. Littlefield*, 92 F.3d 413, 415-16 (6th Cir. 1996) (dismissing claim for denial of meaningful access to the courts because plaintiffs failed to plead and prove actual litigation related injury or prejudice). In fact, contrary to petitioner's claim, the record indicates that petitioner has had access to the courts throughout his incarceration. Petitioner filed a direct appeal and application for reopening with the Ohio Court of Appeals (Doc. 12, Ex. 7 & 22), a direct appeal and appeal of the denial of his application to reopen with the Ohio Supreme Court (Doc. 12, Ex.13 & 25), a *pro se* petition to vacate or set aside sentence and motion for judicial release with the Hamilton County Court of Common Pleas (Doc. 12, Ex. 17 & 20), and the instant federal habeas corpus petition with this Court. (Doc. 1). Therefore, it does not appear that any unconstitutional state-created impediment prevented petitioner from

7

filing a timely petition and the limitations period set forth in § 2244(d)(1)(B) is inapplicable to petitioner's claims.

Petitioner's four grounds for habeas relief are based on alleged errors that occurred during the trial proceedings (Grounds One through Three) or on direct appeal (Ground Four). Since petitioner was aware of the facts underlying his claims by the close of trial and before the conclusion of the direct review proceedings, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

The Ohio Supreme Court denied review in petitioner's direct appeal on June 9, 2004. (Doc. 12, Ex. 16). Since "direct review" of petitioner's conviction included review by the United States Supreme Court, *see Lawrence v. Florida,* 549 U.S. 327, 333 (2007); *Clay v. United States,* 537 U.S. 522, 527-528 (2003); *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000), the statute of limitations began to run when the 90-day period expired for filing a petition for certiorari to the United States Supreme Court from the state supreme court's decision. *Clay,* 537 U.S. at 525; *Bronaugh,* 235 F.3d at 283. Accordingly, petitioner's conviction became final September 7, 2004, when the ninety-day period for seeking certiorari from the United States Supreme Court expired. The statute of limitations began running the next day on September 8, 2004, and expired one year later on September 8, 2005 absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles. Fed. R. Civ. P. 6(a); *Bronaugh,* 235 F.3d at 285. Petitioner's habeas corpus petition was filed on March 27, 2010, after the statute of limitations expired. Unless the limitations period is tolled by statute

8

or otherwise, the petition is time-barred.

During the one-year limitations period, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (*per curiam*); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). A state post-conviction petition rejected by the state courts on timeliness grounds is not "properly filed" and, therefore, is not subject to statutory tolling under § 2244(d)(2). *Allen,* 552 U.S. at 5 (citing *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)); *see also Vroman,* 346 F.3d at 603.

"Whether a time limit is jurisdictional, an affirmative defense, or something in between, it is a 'condition to filing' ... [that] places a limit on how long a prisoner can wait before filing a post-conviction petition." *Allen,* 552 U.S. at 6. The existence of certain exceptions to a timely filing requirement does not preclude a finding that a late petition was improperly filed. *Pace,* 544 U.S. at 413. As the Court explained in *Pace*:

9

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Id.* Therefore, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statue of limitations had run for 846 days when petitioner filed the first of his three post-conviction motions on January 2, 2007. (*See* Doc. 12, Ex. 17). His next two motions, a motion for judicial release and an application to reopen, were filed on March 16, 2007 and May 4, 2008, respectively. (Doc. 12, Ex. 20 & 22). Since all three motions were filed after the one-year statute of limitations had already expired on September 8, 2005, statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602.

The Court must next consider whether the statute of limitations may be equitably tolled in this case. The AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling in appropriate cases. *Holland,* 130 S.Ct. at 2560; *see also Sherwood v. Prelesnik,* 579 F.3d 581, 587-88 (6th Cir. 2009); *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir.), *cert. denied,* 543 U.S. 865 (2004); *Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland,* 130 S.Ct. at 2562 (quoting

10

*Pace*, 544 U.S. at 418).

The Sixth Circuit requires the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Sherwood,* 579 F.3d at 588; *Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151 (citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

In examining the *Sherwood/Dunlap* factors set forth above, the Court determines that petitioner is not entitled to equitable tolling of the statute of limitations in this case. "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004) (quoting *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003)). Petitioner's sole statement regarding the timeliness of the instant petition is that he "has been repeatedly housed in facilities in which he was denied meaningful access to the Courts as will be proven throughout these proceedings." (Doc. 1, p. 13). Petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. He also has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is

11

clear from the record that petitioner has not been diligent in pursuing his rights.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed. Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to toll the limitations period in the instant case.

Therefore, the Court concludes that respondent's motion to dismiss (Doc. 12) should be **GRANTED** and that the habeas corpus petition (Doc. 1) be **DISMISSED** with prejudice because it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 12) be **GRANTED**, and that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue for any of the claims alleged in the petition, which this Court has concluded is barred by the statute of limitations because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[6]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

---

[6]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: 1/20/2011

Karen L. Litkovitz
United States Magistrate Judge

J:\Rob\10-251 SOL.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOHN HAYNES,  
    Petitioner,

vs

WARDEN, WARREN  
CORRECTIONAL INSTITUTION,  
    Respondent.

Civil Action No. 1:10-cv-251

Spiegel, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John Haynes 436-650
Warren Corr. Inst.
PO Box 120
State Route 63
Lebanon, OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☑ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)

7002 3150 0000 8389 0910

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540