```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

JOHN HAYNES,                          :
                                      : NO. 1:10-CV-00251
    Petitioner,                       :
                                      :
  v.                                  : **OPINION AND ORDER**
                                      :
WARDEN, WARREN CORRECTIONAL           :
INSTITUTION,                          :
                                      :
    Respondent.                       :

      This matter is before the Court on the Magistrate Judge's January 20, 2011 Report and Recommendation (doc. 14). Petitioner filed no objection. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, GRANTS Repondent's Motion to Dismiss (doc. 12), and DISMISSES Petitioner's Petition for Writ of Habeas Corpus with prejudice (doc. 1).

      On October 4, 2002, a jury in the Hamilton County Ohio Court of Common Pleas found Petitioner guilty of two counts of aggravated robbery, with specifications, and two counts of robbery (doc. 14). The Court sentenced Petitioner to two consecutive six-year terms of imprisonment based on the aggravated robbery convictions (Id.). Petitioner timely appealed his conviction, and engaged in other motion practice, as detailed by the Magistrate Judge in her Report and Recommendation (Id.). Ultimately, on March 27, 2010, Petitioner filed the instant Petition for Writ of Habeas Corpus (doc. 1), which Respondent has challenged as time-barred

from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) (doc. 12).

In her Report and Recommendation, the Magistrate Judge recommends that Respondent's Motion to Dismiss be granted and Petitioner's petition for writ of habeas corpus be denied with prejudice (doc. 14). The Magistrate Judge found well-taken Respondent's argument that the habeas petition is time-barred by the statute of limitations (Id.). The Magistrate Judge rejected Petitioner's claim that he was housed in facilities which denied him meaningful access to the courts, and that this was an unconstitutional state-created impediment to his filing a timely habeas petition (Id.). Under such theory, Petitioner argued that the statute of limitations should be governed by 28 U.S.C. § 2244(d)(1)(B), which starts "on the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such State action" (Id. citing 28 U.S.C. § 2244(d)(1)(B)).

However, the Magistrate Judge found no evidence that Petitioner's housing within the Ohio prison system created any specific impediment to filing a habeas appeal (Id.). Additionally, the Magistrate Judge noted that "the record indicates that Petitioner has had access to the courts throughout his incarceration"(Id.). Accordingly, the Magistrate Judge found the

statute of limitations to be governed by 28 U.S.C. § 2244(d)(1)(A)[1], which starts on "the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review" (Id. citing 28 U.S.C. § 2244(d)(1)(A)).

The Magistrate Judge found that the judgment became final on September 7, 2004 (Id.). As noted by the Magistrate Judge, direct review includes review by the United States Supreme Court (Id. citing Lawrence v. Florida, 549 U.S. 327, 333 (2007)). There is a 90-day window in which a petition for certiorari can be filed with the U.S. Supreme Court from a state supreme court decision (Id. citing Clay v. United States, 537 US 522 (2003)). On June 9, 2004, the Ohio Supreme Court denied review of the Petitioner's direct appeal (Id.). Accordingly, the Magistrate Judge found that the judgment became final exactly 90 days later on September 7, 2004, and that the statute began to run on September 8, 2004 (Id.). Thus, barring any tolling, the statute of limitations expired on September 8, 2005, since it lasts for one year (Id.).

---

[1] The Petitioner did not raise, nor did the Magistrate Judge find any evidence to suggest, that the start date is governed by either 28 U.S.C. § 2244(d)(1)(C)or 28 U.S.C. § 2244(d)(1)(D). These start on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" (Id. citing 28 U.S.C. § 2244(d)(1)(C)) and on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" (Id. citing 28 U.S.C. § 2244(d)(1)(D)) respectively.

The Magistrate Judge found that no statutory tolling applied. Under 28 U.S.C. § 2244(d)(2), a petitioner is entitled to statutory tolling during the one year period based on pending application for state-post conviction relief or other collateral review (Id. citing 28 U.S.C. § 2244(d)(2)). As noted by the Magistrate Judge, a petitioner must file for statutory tolling within the one-year period of the statute of limitations since statutory tolling serves to pause, rather than restart, the clock (Id. citing Vroman v. Brigano, 346 F.3d 598 (6th Cir. 2003)). The statute of limitations had run for 846 days when the petitioner filed the first of three post-conviction motions, and thus the Magistrate Judge correctly found that he was too late (Id.).

Additionally, the Magistrate Judge found that the Petitioner is not entitled to equitable tolling (Id.). A petitioner is entitled to equitable tolling only if (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing (Id. citing Holland v. Florida, 130 S.Ct. 2549 (2010)). The Magistrate Judge noted the Sixth Circuit requires the court to look at additional factors, such as the petitioner's lack of constructive knowledge of the filing requirement, when determining whether or not equitable tolling should apply (Id. citing Sherwood v.

Prelesnik, 579 F.3d 581 (6th Cir. 2009)).[2]  The Magistrate Judge found that the Petitioner failed to diligently pursue his rights, and additionally that none of the other Sixth Circuit factors applied (Id.). Therefore, the Magistrate Judge found that the Petitioner is not entitled to equitable tolling (Id.).

Petitioner was afforded proper notice of the Magistrate Judge's Report and Recommendation as required by 28 U.S.C. § 636(b)(1)(C), including notice that failure to file timely objections to the Report and Recommendation might result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned.  The Court also notes that Petitioner filed no objection to the Report and Recommendation.  Accordingly, the Court hereby ADOPTS AND AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 9), GRANTS the Respondent's motion to dismiss (doc. 12) and DISMISSES WITH PREJUDICE the Petitioner's Petition for Writ of Habeas Corpus (doc. 1).  Additionally, the Court FINDS

---

[2] There are five factors, including 1) the petitioner's lack of notice of the filing requirement; 2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim (Sherwood v. Prelesnik, 579 F.3d 581, 588, (6th Cir. 2009).

that a certificate of appealability should not issue with respect to the constitutional claims in Grounds One to Four of the Petition, which this Court has concluded are time-barred, because under the first prong of the two-part standard articulated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.  Because this Court finds that the first prong of the two-part <u>Slack</u> standard has not been met in this case, it need not address the second prong of <u>Slack</u> as to whether "jurists of reason" would find it debatable whether Petitioner has stated a viable constitutional claim for relief in the Petition.  <u>Slack</u>, 529 U.S. at 484.

Finally, with respect to any application by Petitioner to proceed on appeal <u>in forma pauperis</u>, the Court hereby CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith; and therefore any leave to proceed <u>in forma pauperis</u> on appeal is therefore DENIED. <u>See</u> Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated:   March 15, 2011         /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge